UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                 Plaintiff,

v.                                                                Criminal Action No. 3:17-cr-78-DJH

DHAVAL JERAMBHAI DHOLARIA,                                                             Defendant.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on August 13, 2018, with the following counsel participating:

| | |
|---|---|
| For the United States: | David Weiser |
| | Madison Sewell |
| For Defendant: | Clark Baird |

The Court and counsel discussed the procedural posture of the case. Counsel for the United States advised the Court that he recently became aware of an investigation of Defendant in another district involving a large volume of discovery materials. In light of this additional voluminous discovery, the parties agreed that a continuance of the trial is necessary and that the case should be designated as complex. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The unopposed motion to continue the trial and declare the case complex (Docket No. 57) is **GRANTED**. The trial of this matter, currently set for September 17, 2018, is **REMANDED** from the Court's docket, to be reset by subsequent order.

(2)     This matter is set for a further status conference on **October 3, 2018, at 1:00 p.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

1

2

(3) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from August 13, 2018 to October 3, 2018 is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by granting the motion for continuance outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the defendant and the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

August 15, 2018

**David J. Hale, Judge**
**United States District Court**

Court Time: 00/15
Court Reporter: Dena Legg

cc:   Jury Administrator