# **Proposed Jury Instructions**

## **Count 1**

- Sixth Circuit Pattern Instruction 14.01--Possession of a Controlled Substance with Intent to Distribute (21 U.S.C. § 841(a)(1))
- Sixth Circuit Pattern Instruction 2.10A—Actual Possession

(1) The defendant is charged with the crime of possession of zolpidem tartrate (Ambien) with intent to distribute. Zolpidem tartrate is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) First, the defendant knowingly or intentionally possessed zolpidem tartrate.

    (B) Second, the defendant intended to distribute zolpidem tartrate.

(2) Now I will give you more detailed instructions on some of these terms.

    (A) To establish actual possession, the government must prove that the defendant had direct, physical control over the zolpidem tartrate, and knew he had control of it.  But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had possession of the zolpidem tartrate, and knew that he did, for you to find him guilty of this crime.

    (B) To prove that the defendant "knowingly" possessed the zolpidem tartrate, the defendant did not have to know that the substance was zolpidem tartrate. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much zolpidem tartrate he possessed. It is enough that the defendant knew that he possessed some quantity of zolpidem tartrate.

(C) The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

(3) In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

(4) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## REGISTRATION REQUIREMENT FOR THE DISTRIBUTION OF CONTROLLED SUBSTANCES BY MEANS OF THE INTERNET

- 21 U.S.C. §§ 841(h)(1), (h)(2)(A); 21 U.S.C. §§ 802 (51) & (52)(A)

No person may operate as an online pharmacy unless such person is a DEA registered pharmacy which has obtained from DEA a modification of its registration authorizing it to operate as an online pharmacy.

The term "online pharmacy" is defined as follows: a person, entity, or Internet site, whether in the United States or abroad, that knowingly or intentionally delivers, distributes, or dispenses, or offers or attempts to deliver, distribute, or dispense, a controlled substance by means of the Internet.

The term "deliver, distribute, or dispense by means of the Internet" is defined as follows: any delivery, distribution, or dispensing of a controlled substance that is caused or facilitated by means of the Internet.

It is unlawful for any person, entity, or Internet site to knowingly or intentionally deliver, distribute, or dispense a controlled substance by means of the Internet without having obtained a modified DEA registration authorizing such activity.

**Counts 2 and 3**

- Jury Instructions, United States v. Girod, 5:15-87-S-DCR, Eastern District of Kentucky, Docket Number 123.
- 21 U.S.C. § 321(g)(1)

Counts 2 and 3 of the Indictment charge the defendant with introducing misbranded drugs into interstate commerce. For you to find the defendant guilty of these charges, you must find that the government has proved each of the following elements beyond a reasonable doubt:

(1) The defendant introduced (or caused to be introduced) into interstate commerce zolpidem tartrate;

(2) The zolpidem tartrate (Ambien) was a drug;

(3) The zolpidem tartrate was misbranded in at least one way; and

(4) The defendant acted with the intent to defraud or mislead.

I will provide some additional instructions on some of these terms.

### Interstate Commerce

For counts 2 and 3 of the Indictment, "interstate commerce" means commerce that occurs between any state and any place outside that state. If you find that zolpidem tartrate went from a place outside Kentucky to Kentucky, or that the defendant caused the introduction of zolpidem tartrate from one state to another, then you must find that zolpidem tartrate was introduced into interstate commerce.

**Drug**

A "drug" is defined as an article "intended to affect the structure or any function of the human body." To determine whether an article is "intended to affect the structure or any function of the human body," you should consider the product's intended use. A product's intended use is what a reasonable person would conclude the manufacturer, sellers, or dispenser of the product intended the product to be used for, based on all relevant information.

To determine a product's intended use, you may consider any and all testimony and evidence, including:

(1) The product's labeling, promotional materials, advertising, and oral representations made about the product;

(2) The circumstances surrounding the sale of the product to customers;

(3) Whether the product is offered to or used by customers for a purpose that is not consistent with its labeling, with the knowledge of the manufacturer, seller, or dispenser of the product.

You are not bound by any particular claims or statements made by the manufacturer, seller or dispenser if there is other evidence concerning intended use and it conflicts with those claims or statements. If there is no label, accompanying label, promotional material, advertising, or oral representations made about the product on a particular occasion, you may still find that the product was intended for use as a drug if other evidence establishes the intended use, such as previous labeling, marketing, or promotion of the product by the manufacturer, seller or dispenser.

## Misbranded

Counts 2 and 3 of the Indictment describe different ways a drug may be misbranded under the law.  Counts 2 and 3 do not allege that zolpidem tartrate was misbranded in the same way, and you must consider each count and each misbranding allegation separately.  A drug is "misbranded" if you find the following to be true beyond a reasonable doubt:

(1) The drug's labeling did not bear adequate directions for use (Count 2);

(2) The drug was dispensed without a valid prescription (Count 3).

"Adequate directions for use" are direction under which a layperson could use a drug safely and for the purposes for which the drug is intended.

## Intent to Defraud or Mislead

For Counts 2 and 3 of the Indictment, to act with the "intent to defraud or mislead" means to act with the specific intent to deceive or cheat, ordinarily for the purpose of causing financial loss to another or bringing about financial gain to the defendant or another.  It is not necessary, however, to prove that anyone was actually defrauded, as long as it is established beyond a reasonable doubt that the defendant acted with the intent to defraud.

To act with the "intent to mislead" means to act with the intent to create a false impression by misstating, omitting, or concealing material facts.  It is not necessary to prove that anyone was actually misled as long as it is proved beyond a reasonable doubt that the defendant acted with the intent to mislead.

Intent to defraud or mislead can be demonstrated through evidence that a defendant took steps, in connection with the acquisition or distribution of products, to conceal material facts

from federal or state authorities, including the United States Food and Drug Administration (FDA), or consumers of the defendant's products.

You should find that the defendant acted with the intent to defraud or mislead if you find that he acted with intent to materially deceive the FDA or other government agencies, and thereby to hinder such agencies from carrying out their regulatory responsibilities.

You can find that the defendant's actions were done either with the intent to defraud or the intent to mislead, as long as you all agree on which intent and to whom it was directed.

## Label or Labeling

"Label" means any display of written, printed, or graphic matter upon the immediate container of any article.

"Labeling" means labels and other written, printed, or graphic matter upon any article or any of its containers or wrappers, or accompanying such article.

**Count 4**

- Sixth Circuit Pattern Instruction 14.05—Conspiracy to Violate the Drug Laws

(1) Count 4 of the indictment charges the defendant with conspiracy to possess with the intent to distribute and distributing zolpidem tartrate (Ambien) and/or tramadol. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    (A) First, that two or more persons conspired, or agreed, to possess with the intent to distribute, or actually distributed, zolpidem tartrate and/or tramadol.

    (B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

(3) Now I will give you more detailed instructions on some of these terms.

    (A) With regard to the first element — a criminal agreement — the government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with the intent to distribute, or actually distribute, zolpidem tartrate and/or tramadol.

        (1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

  (2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute, or actually distribute, zolpidem tartrate and/or tramadol. This is essential.

  (3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

  (4) One more point about the agreement. The indictment accuses the defendant of conspiring to commit several drug crimes. The government does not have to prove that the defendant agreed to commit all these crimes. But the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

(B) With regard to the second element — the defendant's connection to the conspiracy — the government must prove that the defendant knowingly and voluntarily joined that agreement.

  (1) The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

  (2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

      (3) Further, this does not require proof that the defendant knew the drug involved was zolpidem tartrate or tramadol. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much zolpidem tartrate or tramadol was involved. It is enough that the defendant knew that some quantity was involved.

      (4) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

      (5) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(4) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

**Count 5**

- Sixth Circuit Pattern Instruction 14.05—Conspiracy to Violate the Drug Laws

(1) Count 5 of the indictment charges the defendant with conspiracy to introduce and cause to be introduced a misbranded drug into interstate commerce with the intent to defraud or mislead. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A) First, that two or more persons conspired, or agreed, to introduce or cause to be introduced misbranded drugs into interstate commerce, with the intent to defraud or mislead.

(B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

(3) Now I will give you more detailed instructions on some of these terms.

(A) With regard to the first element — a criminal agreement — the government must prove that two or more persons conspired, or agreed, to cooperate with each other to introduce or cause to be introduced misbranded drugs into interstate commerce, with the intent to defraud or mislead.

(1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

      (2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to introduce or cause to be introduced misbranded drugs into interstate commerce, with the intent to defraud or mislead. This is essential.

      (3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

      (4) One more point about the agreement. The indictment accuses the defendant of conspiring to commit several drug crimes. The government does not have to prove that the defendant agreed to commit all these crimes. But the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

(B) With regard to the second element — the defendant's connection to the conspiracy — the government must prove that the defendant knowingly and voluntarily joined that agreement.

      (1) The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

      (2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

      (3) Further, this does not require proof that the defendant knew the drug involved was zolpidem tartrate or tramadol. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much zolpidem tartrate or tramadol was involved. It is enough that the defendant knew that some quantity was involved.

      (4) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

      (5) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(4) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

**<u>Conspiracy in General</u>**

- Sixth Circuit Pattern Instruction 3.06

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

- Sixth Circuit Pattern Instruction 3.07

(1) Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in western Kentucky. But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement, or one of the acts in furtherance took place here in western Kentucky.

(2) Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

(3) Remember that all the other elements I have described must be proved beyond a reasonable doubt.

**Count 6**

- 18 U.S.C. § 1342

Count 6 of the Indictment charges the defendant with using a name other than his own for the purpose of conducting, promoting or carrying on an unlawful business. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) The defendant used or assumed a name other than his own;

(2) The defendant did so for the purpose of conducting, promoting or carrying on an unlawful business; and

(3) The defendant did so by means of the Postal Service.

### Unlawful Business

Illegally distributing controlled substances, or conspiring to illegally distribute controlled substances, as charged in counts 1 and 4 of the Indictment, is an "unlawful business." Introducing misbranded drugs into interstate commerce, or conspiring to introduce misbranded drugs into interstate commerce, as charged in counts 2, 3, and 5 of the Indictment, is an "unlawful business."

**Miscellaneous**

- Sixth Circuit Pattern Instruction 2.08—Inferring Required Mental State

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

- Sixth Circuit Pattern Instruction 2.09—Deliberate Ignorance

(1) Next, I want to explain something about proving a defendant's knowledge.

(2) No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that he was distributing controlled substances, or shipping misbranded drugs in interstate commerce, then you may find that he knew he was distributing controlled substances or shipping misbranded drugs in interstate commerce.

(3) But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that he was distributing controlled substances or shipping misbranded drugs in interstate commerce, and that the defendant deliberately closed his eyes to what was

obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

- Sixth Circuit Pattern Instruction 7.21

The government and the defendant have agreed, or stipulated, to certain facts.  Therefore, you must accept the following facts as proved:  (insert when Stipulations finalized).