### THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**


**v.**                                                    **CRIMINAL ACTION NO. 3:17-CR-78-DJH**
                                                                  *Electronically Filed*


**DHAVAL JERAMBHAI DHOLARIA**                                          **DEFENDANT**


### UNITED STATES'S SENTENCING MEMORANDUM

Pursuant to its obligations under paragraph 10 of the plea agreement (DN 89), the United

States recommends a sentence at the low end of the applicable Sentencing Guideline range,

followed by a three year term of supervised release, and a fine at the low end of the applicable

Sentencing Guideline range.

As detailed in the Presentence Investigation Report, Dholaria engaged in a large-scale

continuing scheme to distribute addictive, misbranded controlled substances.  Dholaria's drug

supplier was in India, and in the course of just a few weeks law enforcement seized thirty-three

(33) incoming parcels sent from India to Dholaria, containing over 59,000 pills.  (DN 92, ¶¶ 35-

36).  Moreover, a review of Dholaria's stamps.com postage meter reflected that in a three week

period in March 2016, he created shipping labels for 327 outgoing parcels, which were estimated

to contain an additional 59,000 pills.  (Id., ¶ 38).

Amongst other things, these shipments included: 1) tramadol, a highly addictive Schedule

IV opioid, 2) valium, an addictive Schedule IV benzodiazepine, and 3) Ambien (zolpidem

tartrate), an addictive Schedule IV sleep aid.  (Id., ¶ 36).  Despite the inherent addiction risks,

there is no evidence that either Dholaria or his Indian drug supplier ever made any effort to

confirm or even question whether any of their customers had prescriptions for these controlled substances.  There is also no evidence that Dholaria or his Indian drug supplier ever made any effort to confirm or question whether their customers had ever been advised of the risks involved with the misuse of these dangerous drugs.  In fact, Dholaria and his Indian supplier exacerbated the risk of misuse and addiction by sending their customers drugs that did not contain any directions for proper use.

A sentence at the low end of the applicable Sentencing Guideline range will satisfy the sentencing factors in Title 18, United States Code, Section 3553(a).  Dholaria's crimes quite simply put customers' lives at risk, and a low end sentence is sufficient but not greater than necessary to reflect the nature and circumstances of that offense.  It will also reflect the seriousness of Dholaria's offense, promote respect for the law, and provide just punishment. Additionally, it will afford adequate deterrence and temporarily protect the public from Dholaria's potential future crimes.  Finally, there is nothing in this case that takes it out of the heart land, and a low end sentence will avoid sentencing disparities with similarly situated defendants.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

s/*David R. Weiser*
David R.  Weiser
Madison Sewell
Assistant United States Attorneys
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7068
David.Weiser@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to counsel of record.


s/*David R. Weiser*
David R. Weiser
Assistant United States Attorney