UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:17-cr-78-DJH

DHAVAL DHOLARIA, Defendant.

\* \* \* \* \*

## ORDER

This matter is before the Court upon a motion filed by *pro se* Defendant Dhaval Dholaria for immediate release to home confinement in light of COVID-19 and his serious health conditions (Docket No. 103).

Title 18 U.S.C. § 3624(c)(2) permits the Director of the Bureau of Prisons (BOP) to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act), enacted on March 27, 2020, allows the Director to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under that statute. Pub. L. 116-136, § 12003(b)(2). Thus, while the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home confinement under this provision. *See, e.g., United States v. Graham*, No. 11-20065-02-KHV, 2020 U.S. Dist. LEXIS 69334, at \*3 (D. Kan. Apr. 20, 2020) (holding that the court has no authority under the CARES Act to order home detention); *United States v. Cruz*, No. 1:95-CR-204, 2020 U.S. Dist. LEXIS 67656, at \*11 (M.D. Pa. Apr. 17, 2020) ("The determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director.") (citation omitted); *United States v. McCann*, No. 5:13-

52, 2020 U.S. Dist. LEXIS 67853, at *7 (E.D. Ky. Apr. 17, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement.") (citation omitted); *United States v. Coker*, No. 3:14-CR-085, 2020 U.S. Dist. LEXIS 66286, at *5 (E.D. Tenn. Apr. 15, 2020) ("The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the [BOP]. . . . Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.").

A prisoner may seek review of a BOP decision regarding home confinement by filing a habeas petition pursuant to 28 U.S.C. § 2241 after exhausting his administrative remedies. *See, e.g.*, *Austin v. Woods*, No. 2:19-CV-7-WHA, 2019 U.S. Dist. LEXIS 84531, (M.D. Ala. May 17, 2019) (holding that a prisoner challenging the BOP's denial of home confinement under the First Step Act must exhaust his administrative remedies before seeking habeas relief under § 2241); *Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 U.S. Dist. LEXIS 26433 (E.D. Ky. Feb. 20, 2019) (same); *Smith v. Streeval*, No. 0:19-005-HRW, 2019 U.S Dist. LEXIS 22261, at *4-5 (E.D. Ky. Feb. 12, 2019) (same) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *see also United States v. Serfass*, No. 3:15-39, 2020 U.S. Dist. LEXIS 66071 (M.D. Pa. Apr. 15, 2020) (construing a motion for immediate release to home confinement under the CARES Act as an emergency § 2241 petition). However, the proper venue for a § 2241 petition is in the judicial district where the prisoner is confined or his custodian is located. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that, as a general rule, jurisdiction for a § 2241 petition "lies in only one district: the district of confinement").

For these reasons, **IT IS HEBEBY ORDERED** that Defendant's motion for release to home confinement (DN 103) is **DENIED**.

Date:

cc:     Defendant, *pro se*
        U.S. Attorney
4416.011