UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                      Plaintiff,

v.                                          Criminal Action No. 3:17-cr-78-DJH

DHAVAL DHOLARIA,                                              Defendant.

* * * * *

## ORDER

This matter is before the Court upon a second motion filed by *pro se* Defendant Dhaval

Dholaria for immediate release to home confinement in light of COVID-19 and his serious health

conditions under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act),

(Docket No. 105).

The home-confinement statutes, 18 U.S.C. § 3624(c) and 34 U.S.C. § 60541(g), do not

contain any provision for judicial review.  Thus, Defendant's motion requesting the Court to

order him be released to home confinement must be dismissed for lack of jurisdiction.

*See United States v. Garza*, No. 18-CR-1745-BAS, 2020 U.S. Dist. LEXIS 54228, at *2 (S.D.

Cal. Mar. 27, 2020) (recognizing, in case in which inmate invoked COVID-19 as reason for

seeking home confinement, that "the Court lacks authority to designate home confinement");

*see also United States v. Carter*, No. 1:18-cr-86-JMS, 2020 U.S. Dist. LEXIS 62520, at *3 (S.D.

Ind. Apr. 9, 2020) (citing *Garza* in denying inmate's request to serve his sentence on home

confinement because inmate had "not established that the Court has the power to grant him the

relief he seeks"); *Miller v. United States*, No. 16-20222-1, 2020 U.S. Dist. LEXIS 62421, at *4

(E.D. Mich. Apr. 9, 2020) (declining to consider inmate's request for home confinement due to

COVID-19 because courts "have recognized that the authority to place a prisoner in home

confinement is given to the BOP"); *United States v. Brown*, No. RDB-16-cr-00553, 2020 U.S. Dist. LEXIS 52079, at *2 (D. Md. Mar. 26, 2020) (denying a motion for home confinement filed by a prisoner citing concerns over COVID-19 because "[i]t is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)").

The CARES Act, enacted on March 27, 2020, allows the Director of the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under that statute.  Pub. L. 116-136, § 12003(b)(2).  However, as stated in the Court's prior Memorandum and Order, no provision of the CARES Act provides the Court with the authority to order home confinement.  *See, e.g.*, *United States v. Graham*, No. 11-20065-02-KHV, 2020 U.S. Dist. LEXIS 69334, at *3 (D. Kan. Apr. 20, 2020) (holding that the court has no authority under the CARES Act to order home detention); *United States v. Cruz*, No. 1:95-CR-204, 2020 U.S. Dist. LEXIS 67656, at *11 (M.D. Pa. Apr. 17, 2020) ("The determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director.") (citation omitted); *United States v. McCann*, No. 5:13-52, 2020 U.S. Dist. LEXIS 67853, at *7 (E.D. Ky. Apr. 17, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement  during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement.") (citation omitted); *United States v. Coker*, No. 3:14-CR-085, 2020 U.S. Dist. LEXIS 66286, at *5 (E.D. Tenn. Apr. 15, 2020) ("The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the [BOP]. . . .  Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.").[1]

---

[1] In his motion, Defendant also references the two memoranda issued by United States Attorney General William Barr to the BOP regarding the coronavirus and home confinement.  On March 26, 2020, the Attorney General issued a memorandum directing the BOP to identify the most vulnerable and non-violent inmates who would be appropriate for transfer to home confinement to avoid spread of the COVID-19 pandemic.  On April 3, 2020, the

A prisoner may seek review of a BOP decision regarding home confinement by filing a habeas petition pursuant to 28 U.S.C. § 2241 after exhausting his administrative remedies.  *See, e.g.*, *Austin v. Woods*, No. 2:19-CV-7-WHA, 2019 U.S. Dist. LEXIS 84531 (M.D. Ala. May 17, 2019) (holding that a prisoner challenging the BOP's denial of home confinement under the First Step Act must exhaust his administrative remedies before seeking habeas relief under § 2241); *Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 U.S. Dist. LEXIS 26433 (E.D. Ky. Feb. 20, 2019) (same); *Smith v. Streeval*, No. 0:19-005-HRW, 2019 U.S Dist. LEXIS 22261, at *4-5 (E.D. Ky. Feb. 12, 2019) (same) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *see also United States v. Serfass*, No. 3:15-39, 2020 U.S. Dist. LEXIS 66071 (M.D. Pa. Apr. 15, 2020) (construing a motion for immediate release to home confinement under the CARES Act as an emergency § 2241 petition).  However, the proper venue for a § 2241 petition is in the judicial district where the prisoner is confined or his custodian is located.  *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that, as a general rule, jurisdiction for a § 2241 petition "lies in only one district: the district of confinement").

For these reasons, **IT IS HEBEBY ORDERED** that Defendant's second motion for release to home confinement (DN 105) is **DENIED**.

---

Attorney General issued a second memorandum indicating that, since the enactment of the CARES Act, he was authorized to expand the cohort of inmates to be considered for home release upon his finding that emergency conditions materially affect the function of the prisons.  These memoranda, however, do not alter the fact that it is the BOP, and not this Court, that has the statutory authority to place inmates on home confinement.

In the event Defendant decides to file a motion in this Court for compassionate release under the First Step Act in light of COVID-19, the Court instructs Defendant that he must first meet the exhaustion requirements set forth in 18 U.S.C. § 3582(c)(1)(A).

Date:   May 21, 2020

**David J. Hale, Judge**
**United States District Court**

cc:     Defendant, *pro se*
        U.S. Attorney
4416.011

4