**THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

UNITED STATES OF AMERICA                                              PLAINTIFF


v.                                              CRIMINAL ACTION NO. 3:17-CR-78-DJH
                                                        *Electronically Filed*


DHAVAL JERAMBHAI DHOLARIA                                             DEFENDANT


### OPPOSITION TO MOTION FOR COMPASSIONATE RELEASE

The United States opposes Dholaria's Motion for Compassionate Release (DN 108).

Dholaria bases his motion on the Covid-19 pandemic and his fear that he will contract the

disease, and asks to be released after serving less than 10 months of his 27 month sentence.

Dholaria's Motion should be denied because he cannot prove any "extraordinary and compelling"

reasons" justifying his release, and because his release would violate several of the sentencing

factors outlined in Title 18, United States Code, Section 3553.

### BACKGROUND

Dholaria is an Indian national who has resided in the United States for several years.

(PSR, DN 92, ¶ 72).  In 2016, Dholaria, using nearly a dozen pseudonyms, (Id., ¶ 23), engaged in

a large-scale scheme to distribute addictive, misbranded controlled substances to United States

citizens.  Dholaria had an Indian drug supplier, and that supplier took electronic orders for drugs

from American citizens, promising that the drugs would be shipped from within the United

States, misleading customers into believing they were receiving legitimate drugs manufactured in

the United States.  (Id., ¶¶ 17-20).  Dholaria's Indian supplier shipped the drugs and a customer

list to Dholaria in the United States, and Dholaria reshipped the drugs to American customers.
(Id., ¶ 18).

In the course of just a few weeks in early 2016 law enforcement seized thirty-three (33)
incoming parcels sent from India to Dholaria, containing over 59,000 pills.  (Id., ¶¶ 35-36).
Moreover, a review of Dholaria's stamps.com postage meter reflected that in a three week period
in March 2016, he created shipping labels for 327 outgoing parcels, which were estimated to
contain an additional 59,000 pills.  (Id., ¶ 38).  None of these drugs were FDA approved, (Id., ¶
19), and several of the seized drugs were adulterated, meaning the pills did not actually contain
the drugs reflected on the label, which resulted in potential "life-threatening risks" to users.  (Id.,
¶¶ 31-33).[1]

Amongst other things, Dholaria's shipments included: 1) tramadol, a highly addictive
Schedule IV opioid, 2) valium, an addictive Schedule IV benzodiazepine, and 3) Ambien
(zolpidem tartrate), an addictive Schedule IV sleep aid.  (Id., ¶ 36).  Despite the inherent
addiction risks, there is no evidence that either Dholaria or his Indian drug supplier ever made
any effort to confirm or even question whether any of their customers had prescriptions for these
controlled substances.  (Plea Agreement, DN 89, ¶ 3).  There is also no evidence that Dholaria or
his Indian drug supplier ever made any effort to confirm or question whether their customers had
been advised of the inherent risks involved with the misuse of these dangerous drugs.  In fact,
Dholaria and his Indian supplier exacerbated the risk of misuse and addiction by sending
customers drugs that contained no directions for proper use.  (Id.).  Dholaria was federally

---

[1] Dholaria has no medical training or licenses authorizing him to dispense controlled substances to others.  (Id., ¶
18).

indicted in the summer of 2017, pleaded guilty in July 2019, and was sentenced to 27 months of imprisonment in October 2019. [2]

## ARGUMENT

I.     Dholaria is Not Eligible for Compassionate Release

A court may only grant compassionate release based on an individual defendant's "extraordinary and compelling reasons," which the defendant has the burden of showing. *See United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013).  In addition, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the "defendant is not a danger to the safety of any other person or to the community."  USSG §1B1.13.

A sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Thus, the statute directs that the Commission, not the judiciary, adopt policies regarding "what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C. § 994(a)(2)(C) & (t). The Commission has fulfilled Congress's directive in USSG §1B1.13, which limits "extraordinary and compelling reasons" to four categories: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons."[3]

First, Dholaria does not claim that he has the virus and fails to present any reason to believe that he could not be treated within his facility.  The Bureau of Prisons (BOP) regularly releases new data showing how COVID-19 is affecting each BOP facility.  *BOP COVID-19*

---

[2] As a result of his conviction, Dholaria is subject to an ICE detainer.  He will be taken into ICE custody upon his ultimate release from BOP custody.

[3] Dholaria's Motion seems to rely upon his alleged medical condition.  He is only 40 years old, and he cites no extraordinary family circumstances or other reasons.

*Update*, https://www.bop.gov/coronavirus/ (last visited August 11, 2020).  Although one Big

Spring FCI inmate and six Big Spring FCI employees have tested positive for Covid-19, there

have been no positive inmate tests at the private Big Spring facility where Dholaria is

incarcerated.  None.  Zero.  *See United States v. Kendrick,* 2020 WL 3958684 at *3 (N.D. Ind.

July 10, 2020) (denying compassionate release for inmate with diabetes, stating "while the court

is sympathetic with Kendrick's situation and his concern about potentially becoming infected

with Covid-19 . . . that risk is not an extraordinary and compelling reason to justify his release,

particularly in light of the low number of confirmed cases in the prison"); *United States v. Malik*,

2020 WL 4003289 (D. Md. July 15, 2020) (risks posed by hypertension, hypocholesteremia,

coronary artery disease, and diabetes "outweighed" by fact that there are no cases at the facility,

and the defendant had only served 28 months of a 96 month sentence).

The BOP has taken significant measures to care for inmates.  *BOP COVID-19 Update*,

https://www.bop.gov/coronavirus/.  The BOP began planning for potential coronavirus

transmissions in January 2020.  Id.  At that time, the BOP established a working group to

develop policies in consultation with subject matter experts in the Centers for Disease Control,

including reviewing guidance from the World Health Organization.  Id.

On March 13, 2020, the BOP announced that it was implementing the COVID-19 Phase

Two Action Plan in order to minimize the risk of COVID-19 transmission into and inside its

facilities.  Id.  The Action Plan comprises many preventive and mitigation measures, including:

all incoming inmates are screened, and staff are regularly screened; contractor visits are limited

to essential services, while nearly all attorney, social, and volunteer visits have been suspended;

inmate movements between facilities have been extremely limited; and institutions are taking

additional steps to modify operations to maximize social distancing.  *BOP Implementing*

*Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp.  Additional details

are available at the BOP website, www.bop.gov.

Second, USSG § 1B1.13 refers to "a serious physical or medical condition . . . that

substantially diminishes the ability of the defendant to provide self-care within the environment

of a correctional facility and from which he or she is not expected to recover."  Dholaria cannot

satisfy this requirement.

Dholaria, 40, repeatedly falsely claims that he has diabetes.  (DN 108, Page ID #385,

388, 391, 392, 396).  In reality, Dholaria was merely diagnosed with prediabetes (Id., Page ID

#410), which means that he has higher than normal blood sugar levels, but not high enough to

constitute diabetes.   Progression from prediabetes to type 2 diabetes is not inevitable, and can be

prevented by lifestyle changes like eating healthy foods, maintaining a healthy weight, and

physical activity.  (https://www.mayoclinic.org/diseases-conditions/prediabetes/symptoms-

causes/syc-20355278).  Dholaria also complains of weight loss, but that weight loss is probably a

positive result of his dietary changes.

Prediabetes is not a Covid-19 risk factor, does not prevent Dholaria from providing self-

care, and if he undertakes recommended lifestyle changes, he can recover.  In short, prediabetes

is not a compelling reason to grant release.  *See United States v. Ram,* 2020 WL 3100837 (W.D.

Ark. June 11, 2020) (prediabetes, high blood pressure and high cholesterol do not rise to the

level of CDC risk factors); *United States v. Hazam,* 2020 WL 3265349 (C.D. Ill. June 17, 2020

(prediabetes and latent tuberculosis are not risk factors).  Even if Dholaria had full blown

diabetes, several courts have found that insufficient reason to justify early release.  *See United*

*States v. Bueno-Sierra,* 2020 WL 2526501, at \*5 (S.D. Fla. May 17, 2020) (72 year old

defendant has diabetes and hypertension, but they are controlled and insufficient to justify

compassionate release); *United States v. Singui,* 2020 WL 2523114 (C.D. Cal. May 18, 2020)

(defendant has type 2 diabetes, but there is insufficient showing he is a greater risk of catching

the disease, and he has served only half his sentence); *United States v. DiMartino,* 2020 WL

2307648 (D. Conn. May 8, 2020) (denying compassionate release for 66 year old defendant with

heart disease and diabetes who had only served 35% of sentence).

        In *Lisi*, the Court said that "a defendant's medical condition must be one of severity and

irremediability." *United States v. Lisi*, 2020 WL 881994, at \*4 (S.D.N.Y. Feb. 24, 2020).

Moreover, in *Ayon-Nunez*, the Court said that conditions that can be managed within prison are

not a sufficient basis for compassionate release. *United States v. Ayon-Nunez*, 2020 WL 704785,

at \*3 (E.D. Cal. Feb 12, 2020).  Terminal illnesses such as advanced cancer and impending death

due to old age are seen as extraordinary circumstances to grant relief. *United States v. Winckler*,

2020 WL 1666652 (W.D. Pa. Apr. 3, 2020); *United States v. Sotelo*, 2019 U.S. Dist. LEXIS

135051 (E.D. Pa. Aug. 7, 2019); *United States v. Spears*, 2019 WL 5190877 (D. Or. Oct. 15,

2019); *United States v. Gasich*, 2019 WL 4261614 (N.D. Ind. Sept. 9, 2019).  Dholaria's

prediabetes is not irremediable and can be managed in prison, and cannot justify early release.

        Moreover, the BOP is constantly evaluating inmates who are at high risk who would be

better off in home confinement or granted compassionate release, and Dholaria, just 40 years old,

does not qualify.  Dholaria's concern is that he could contract coronavirus and the virus could

jeopardize his health, yet Dholaria has not contracted the illness, and his speculation is not

enough to satisfy §1B1.13's criteria.  Furthermore, given that the Big Spring facility where

Dholaria is incarcerated currently reports no cases of the virus, there is no "extraordinary and compelling" reason as it pertains to Dholaria's medical condition or age.

In addition, Dholaria is not eligible for compassionate release based on the "other reasons" category.  With respect to "other reasons," the BOP has issued Program Statement 5050.50, which contains standards for eligibility that are related to but somewhat more extensive than the first three categories.  Dholaria has not shown that he satisfies those standards, and the coronavirus pandemic does nothing to change that.  *See United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, *2 (M.D. Fla. June 7, 2019) ("Without his medical provider corroborating either of these requirements, Heromin has not shown a foundation for compassionate release based on his medical condition.").

Further, because Congress has mandated that "other reasons" for eligibility be determined by the BOP, not the judiciary, the Court lacks the authority to grant compassionate release based on the threat to Dholaria posed by the coronavirus pandemic.  *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, *4-5 (S.D. Ala. Aug. 13, 2019); *United States v. Shields*, No. 12-cr-00410-BLF-1, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019); *United States v. Willingham*, No. CR113-010, 2019 WL 6733028, *2 (S.D. Ga. Dec. 10, 2019); *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, *2 (S.D. Ind. May 5, 2019); *United States v. Washington*, No. 5:13-020-DCR, 2019 WL 6220984, *2 (E.D. Ky. Nov. 21, 2019); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019); *United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, *4 (S.D.N.Y. Jan. 8,

2020); *United States v. Overcash*, No. 3:15-cr-263-FDW-1, 2019 WL 1472104, *2 (W.D.N.C.

Apr. 3, 2019); *United States v. York*, Nos. 3:11-CR-76; 3:12-CR-145, 2019 WL 3241166, *4

(E.D. Tenn. July 18, 2019).

Even if such judicial authority existed, the Covid-19 pandemic does not qualify as the

type of defendant-specific reason permitting compassionate release for Dholaria.  Dholaria has

not contracted coronavirus, and his medical condition is stable with professionals tending to his

medical needs.[4]  If coronavirus, standing alone, qualified as an "extraordinary and compelling

reason" for relief, there would be no limiting principle: any defendant, no matter his actual risk

from coronavirus, would be immediately eligible for compassionate release.  Nothing in the

statute or USSG §1B1.13 supports that unbounded interpretation.

II.      Relief is Improper Under 18 U.S.C. § 3553(a)

Even if Dholaria is statutorily eligible for a sentence reduction based on an

"extraordinary and compelling reason," compassionate release is not appropriate.  Before

ordering relief, courts must consider the 18 U.S.C. § 3553(a) factors and determine that the

"defendant is not a danger to the safety of any other person or to the community."  USSG

§ 1B1.13.

Dholaria is a convicted drug dealer who jeopardized the safety and lives of hundreds of

people, and he has served less than 10 months of a 27 month sentence.[5]  Considering the

reckless, uncaring nature of his crimes, it would be an intolerable injustice to release Dholaria

---

[4] Dholaria has received appropriate health care since being detained.  In fact, BOP health care professionals discovered his prediabetes.  Dholaria denied having diabetes in his initial Health Intake Assessment (DN 108-2, PageID #438-39).
[5] Dholaria has served approximately 37% of his sentence.  He has had two relatively minor disciplinary issues since he was incarcerated.

after only 10 months of incarceration. *See United States v. Kibble*, 2020 WL 3470508, at \*3 (S.D.W.V. June 25, 2020) ("the vast majority of district courts have likewise declined to grant compassionate release motions where a defendant has served a small fraction of his or her sentence of incarceration"); *United States v. Oliver,* 2020 WL 2768852, at \*7 (E.D. Mich. May 28, 2020) (though he presents the risk factor of severe obesity, "granting Oliver compassionate release and reducing his sentence to time served when he has served only three months of a ten-year sentence would lead to unwarranted sentencing disparities and improperly minimize the serious nature of his . . . offense"); *United States v. Spencer*, 2020 WL 3047439 (N.D. Ohio June 8, 2020) (not clear whether supraventricular tachycardia is a CDC risk factor; denied in any event as defendant served only 55 months of a 151 month sentence).

In fact, dramatically reducing Dholaria's sentence runs counter to virtually every 18 U.S.C. § 3553(a) factor. A 63% sentencing reduction would cause unwarranted sentencing disparities with similarly situated defendants, would utterly fail to reflect the seriousness of Dholaria's crimes, would endanger the public, and would undercut rather than promote respect for the law. 18 U.S.C. § 3553(a)(2) & (6).

For all these reasons, Dhaval Dholaria's Motion for Compassionate Release must be

denied.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

/s/ *David Weiser*
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
Phone: (502) 625-7068
FAX:   (502) 582-5067
Email: david.weiser@usdoj.gov

**Certificate of Service**

I hereby certify that on or about August 11, 2020, a copy of the foregoing pleading was
sent by first class mail to Dhaval Dholaria at the following address:

Dhaval Dholaria
#26350-479
CI Big Spring (Flightline)
2001 Rickabaugh Drive
Big Spring, TX 79720

*David Weiser*
Assistant United States Attorney

10