UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                              Plaintiff,

v.                                                                            Criminal Action No. 3:17-cr-78-DJH

DHAVAL JERAMBHAI DHOLARIA,                                                        Defendant.

\* \* \* \* \*

## ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court will deny the defendant's motion for compassionate release for the reasons explained below.

**I.**

Defendant Dhaval Jerambhai Dholaria has filed a motion for compassionate release. (Docket No. 108)  The United States opposes Dholaria's motion. (D.N. 110)  As grounds for release, Dholaria asserts that his age and health conditions make him particularly vulnerable to complications from COVID-19. (*See* D.N. 108, PageID # 385)  The United States maintains that Dholaria's health conditions do not increase his risk of potential COVID-19 complications. (D.N. 110, PageID # 487)  Dholaria has exhausted his administrative remedies as required by § 3582(c)(1)(A). (*See* D.N. 108-5)

**II.**

A court considering a compassionate-release motion must first determine "whether 'extraordinary and compelling circumstances warrant' a sentence reduction." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *6 (6th Cir. Nov. 20, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  Second, the court must "'find[]' whether 'such a reduction is consistent with

1

*applicable* policy statements issued by the Sentencing Commission,'" but the Commission's policy statement on compassionate release does not apply "to cases where an imprisoned person files [the] motion." *Id*. at *6–7. Third, the court considers "any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id*. at *6 (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see* 18 U.S.C. § 3582(c)(1)(A). "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two . . . and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 2020 WL 6817488 at *9.

Dholaria has not presented extraordinary and compelling circumstances warranting release. Dholaria's motion rests on his claims regarding his health conditions, age, and fear of contracting COVID-19 in prison. (D.N. 108, PageID # 385, 396) Specifically, Dholaria claims that he has diabetes, high cholesterol, "significant [w]eight [l]oss and [p]oor [i]mmunity." (D.N. 108, PageID # 385) Dholaria's health records confirm his high cholesterol (*see* D.N. 108-2, PageID # 430, 456), but show that he has pre-diabetes rather than diabetes. (*See* D.N. 108-2, PageID # 410, 412, 430) The Centers for Disease Control and Prevention has not identified pre-diabetes or high cholesterol as a risk factor for COVID-19 complications. *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (updated Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

As for the weight loss, Dholaria lost fourteen pounds between November 2019 and May 2020. (D.N. 108-3, PageID # 458) But his medical record does not show that this loss occurred as the result of poor immunity or any other health problem. Dholaria's most recent documented

weight, 156 pounds (D.N. 108-3, PageID # 458), puts his body mass index in a normal range for someone of his height. (*See* D.N. 92, PageID # 309); *see* Centers for Disease Control and Prevention, *Adult BMI Calculator*, https://www.cdc.gov/healthyweight/assessing/bmi/adult_ bmi/ english_bmi_calculator/ bmi_calculator.html.

Dholaria is forty years old, and his age does modestly raise his risk of complications from COVID-19. *See* Centers for Disease Control and Prevention, *Older Adults* (updated Nov. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. But there are currently no cases of COVID-19 at Big Spring (Flightline) Correctional Institution, where Dholaria is incarcerated. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Dec. 7, 2020). In the absence of more significant risk factors or an outbreak of COVID-19 at his facility, Dholaria's age and fear of contracting COVID-19 do not constitute extraordinary and compelling circumstances for purposes of § 3582.[1] *See United States v. Black*, No. 17-20656, 2020 WL 7021696, at *3–4 (E.D. Mich. Nov. 30, 2020) (holding that a forty-nine year old defendant's controlled medical conditions, which included hyperlipidemia and prediabetes, combined with his incarceration at a facility with active COVID-19 cases, did not "place his health and safety at such great risk to constitute extraordinary and compelling reasons for reduction of his sentence.").

---

[1] Although not mentioned in his motion, Dholaria attached a document stating that his family faces financial difficulties in his absence. (D.N. 108-8, PageID # 480) Without minimizing this hardship, the Court finds it insufficient to create extraordinary or compelling circumstances justifying release. Also not mentioned in Dholaria's motion, but shown in his health records, is the fact that he smokes (D.N. 108-2, PageID # 439), which the CDC has identified as a condition elevating one's risk of COVID-19 complications. *See People with Certain Medical Conditions*, *supra*. But again, in the absence of additional serious comorbidities or the presence of COVID-19 at Dholaria's facility, this factor alone does not elevate the pandemic to an extraordinary and compelling circumstance warranting release.

Nor do the § 3553(a) factors support release here. Section 3553(a) requires the Court to consider "the nature and circumstances of the offense and . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C § 3553(a)(1) and (2)(A). Dholaria's offense is serious: he pleaded guilty to participating in a large-scale scheme to distribute addictive, misbranded controlled substances. (*See* D.N. 88; D.N. 92, PageID # 301–05) He was responsible for distributing thousands of non-FDA approved pills, some of which were adulterated and thus dangerous. (*See* D.N. 92, PageID # 302–05) A release after serving just half of his twenty-seven-month sentence would not be "just punishment." 18 U.S.C. C § 3553(a)(2)(A).

### III.

Dholaria has not shown extraordinary and compelling circumstances, and the section 3553(a) factors weigh against early release. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Dholaria's motion for compassionate release (D.N. 108) is **DENIED** after complete review of the motion on the merits.

December 11, 2020

David J. Hale, Judge
United States District Court