UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　Criminal Action No. 3:17-cr-78-DJH

DHAVAL JERAMBHAI DHOLARIA,　　　　　　　　　　　　　　　　　　　　Defendant.

* * * * *

### ORDER

Defendant Dhaval Jerambhai Dholaria filed a motion requesting that the Court order this entire closed criminal case to be sealed (Docket No. 114).  He states, "Any individual surfing on internet and types 'Dhaval Dholaria' in google kind of search engine website, all case (3:17-CR-78-DJH) regarding information is available free to air and possible access to any individual without any security bar."  He continues, "Reason for this restriction is mandatory for the safty and healthy future life of Dhaval Dholaria and his family members."  He asserts, "Open to free to air this kind of case regarding sensitive information can be misused and abused by antisocial individuals, it may attract unwanted attention or future crime in society."  The United States filed a response to the motion stating, "This Court has sealed select documents in this case when they contain confidential information.  Dholaria has not, and cannot, show that every document in his criminal case contains confidential information" (DN 116).  The United States maintains, "Dholaria may wish to conceal his criminal history from the public, but the public has a right to know who Dholaria is, and what he has done."  Defendant did not file a reply.

Courts have long recognized a "strong presumption in favor of" open court records due to the public's constitutional and common law right of access to judicial records.  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016); *Brown & Williamson*

*Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983).  A party seeking to seal court records has the burden to overcome this presumption.  *Shane Grp.*, 825 F.3d at 305.  Some circumstances that may justify sealing court records include:  1) a defendant's right to a fair trial, 2) trade secrets, 3) national security, and 4) certain privacy rights of participants and third parties.  *Brown & Williamson*, 710 F.2d at 1179 (citations omitted).  However, "neither harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access."  *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009) (citing *Brown & Williamson*, 710 F.2d at 1179-80).  "Only the most compelling reasons can justify nondisclosure of judicial records."  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).  Moreover, the sealing of records "is only justified where a compelling interest is shown and the denial of access is narrowly tailored to serve that interest."  *U.S. v. Beckham*, 789 F.2d 401, 407 (6th Cir. 1986).  In determining whether to grant a motion to seal court records, "a court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness."  *Rudd Equip. Co. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016).

   The Court finds that Defendant has not met his burden to establish that his privacy interests outweigh the public interest in this matter and the strong presumption in favor of open court records.  Defendant's allegations of harm are conclusory.  While he makes reference to his and his family's safety, he provides no facts to show what information in the record puts their safety at risk.  He also refers to "sensitive information."  However, he again does not describe what information is sensitive or what documents in the record contain the information, and the

Court is not able to identify sensitive personal information not already under seal. For these reasons, the Court finds that sealing this entire closed action is not warranted. Accordingly, it is hereby

**ORDERED** that the motion to seal the case (DN 114) is **DENIED**.

Date: November 23, 2022

David J. Hale, Judge
United States District Court

cc: Defendant, *pro se*
U.S. Attorney
4415.010